**In re John LAMBERT, Eva Lambert, Debtors.**

**Bankruptcy No. 85–173.**

United States Bankruptcy Court,
D. New Hampshire.

Oct. 16, 1985.

Final Order on Sale Oct. 28, 1985.

John Michels, Londonderry, N.H., for debtors.

Dennis Bezanson, S. Portland, Me., Trustee in Bankruptcy.

Scott F. Gleason, Bradford, Mass., for LeBlancs.

Henry Katz, Boston, for Pignato.

## ORDER ON SALE

JAMES E. YACOS, Bankruptcy Judge.

This case came before the court for hearing on October 15, 1985 upon the Notice of Intended Sale filed herein by the trustee in bankruptcy on September 20, 1985, and upon the Objection thereto filed herein by one Patricia Pignato on October 9, 1985.

The noticed sale involves the purchase of certain residential property owned by the debtors for a purchase price of $265,000 to Robert J. and Janet M. LeBlanc "subject to the right of the Bankruptcy Court to approve the said sale if any objections be timely filed and allowed." The sales contract attached to the notice is dated August 30, 1985 but originally had a price of $259,-000. This price was crossed out and changed to $265,000 by the offerors on September 3, 1985. The trustee signed and accepted this purchase offer on September 3, 1985. The sales contract includes a provision stating that the sale is "subject to Bankruptcy Court approval."

On August 19, 1985 this court authorized the trustee to retain a commercial brokerage firm to have an exclusive listing for the sale of the property in question. The broker showed the property to both the LeBlancs and to Patricia Pignato in late August. As indicated above the LeBlancs transmitted their offer on the property through the broker and on September 3, 1985 agreed to a final offer price of $265,-

000. On September 4, 1985, Pignato submitted her own offer in the amount of $269,900 to the broker for transmittal to the trustee.

When the trustee received the Pignato offer he advised that he could not accept it unless it was under a condition that the second offer be subject to the earlier LeBlanc offer, i.e., that the Pignato offer would not be accepted unless the earlier offer failed to close. Pignato refused to accept this condition.

The trustee then noticed the intended sale to the LeBlancs but included a provision reciting that subsequent to his executing the earlier agreement he had received the Pignato offer in the higher amount. The notice includes a further recitation that he had accepted the LeBlanc offer upon the broker's recommendation and "verification of the financial ability of Robert J. and Janet M. LeBlanc to qualify and consummate the contract to purchase." No statement was made as to the financial ability, or lack thereof, of Pignato in the notice of sale. The notice provided that "parties in interest" had until October 10, 1985 to object to the proposed sale to the LeBlancs. As indicated Pignato filed her objection to the sale on October 9, 1985, precipitating the hearing in this court on October 15, 1985.

At the hearing the trustee took the position that the sale to the LeBlancs for the lower price should be approved. The trustee argued that the objection by Pignato should be disregarded since Pignato was an "unsuccessful bidder" and therefore lacked standing to raise any objection to the sale in the Bankruptcy Court.

During the course of the hearing the LeBlancs through their counsel orally raised their offer to purchase the property to $269,900. Pignato thereupon raised her offer to purchase the property to $275,000.

■ Without determining what might be appropriate under a more detailed order authorizing sale by a broker, the court on the procedural facts in this case is constrained to conclude that both bidders were on notice that higher and better offers might be submitted in order to support an objection to confirmation of the sale in the Bankruptcy Court. The sale contract signed by the trustee was expressly made subject to approval of the court. The trustee had employed a broker that had shown the property to several offerors. The trustee apparently accepted the first offer received, although negotiating for a higher price, without giving notice or opportunity to the other parties who had seen the property to submit their offers before he made a selection. While an owner of property could so act I believe the trustee in bankruptcy acting under a court order requiring judicial approval of a proposed sale, on the particular facts here presented, had a duty in fairness to advise all interested parties before accepting an offer received shortly after the viewing of the property.

■ As for the trustee's objection to the legal standing of Pignato to object to the sale, I conclude that to find that Pignato lacked standing I would have to find that there was some kind of open bidding process in which she had an opportunity to present her bid to the trustee in competition with other bids. In the present case, by virtue of the particular procedures employed, Pignato simply was not a "unsuccessful bidder" in that sense. She was told "parties in interest" could object to the sale and she did.

The objection by Pignato is sustained and the trustee shall consummate the sale of the property in question to Pignato on or before November 15, 1985 for a cash purchase price of $275,000, subject to the further conditions herein provided. On or before Thursday, October 17, 1985, at 4 p.m., Pignato shall deposit with the Clerk of this court for transmittal to the trustee a purchase deposit in the amount of $20,000 by cashier's check, which deposit shall be forfeited if Pignato should fail to close the sale on or before November 15, 1985 for any reason except inability of the trustee to convey marketable title by trustee's deed.

Notwithstanding the foregoing provisions, if the LeBlancs desire to bid against

Pignato for the property in question, and so advise the Clerk of this court in writing by Thursday, October 17, 1985, by 4 p.m., a further hearing will be held before the court on Friday, October 18, 1985, at 2 p.m., for the purpose of receiving further bids for the property in question. Failing receipt of such letter from the LeBlancs by the time specified, no further hearing will be held and the Clerk shall advise the trustee to proceed to consummate the sale with Pignato.

### FINAL ORDER ON SALE.

This case came before the court for a sale hearing this date pursuant to the court Orders of October 16, 1985 and October 18, 1985 providing for competitive bidding in open court between Patricia H. Pignato ("Pignato") and Robert and Janet LeBlanc ("LeBlancs") with regard to the sale of certain real estate originally described in a Notice of Intended Sale dated September 16, 1985 and filed herein by the trustee in bankruptcy. The property involved is real property of the debtors located at 18 Sunset Road, Salem, New Hampshire as more particularly described in the aforesaid Notice of Intended Sale.

The Order of October 15, 1985 provided for the sale of the property to Pignato unless the LeBlancs filed a written election to engage in competitive bidding on the sale. The LeBlancs did file a written request to bid against the Pignatos for the property in question on October 17, 1985. At the hearing held on October 18, 1985 for the purpose of receiving competitive bids, the LeBlancs moved for a further continuance of the hearing in order to further consider their evaluation of the property for bidding purposes. The court in its October 18, 1985 order granted that motion and set the further hearing for the present date.

█ Pignato appeared at the hearing held this date, along with the trustee in bankruptcy, but the LeBlancs did not appear to engage in bidding. The court notes in the record that the LeBlancs filed a notice of appeal from the October 16, 1985 order on October 18, 1985. Inasmuch as the election by the LeBlancs to engage in competitive bidding in effect converted the October 16, 1985 Order from a sale order to an interlocutory order providing for further sale procedures before a final order of sale would be entered, the appeal does not presently lie pursuant to Bankruptcy Rule 8001 as an appeal from a final order or judgment of this court. Moreover, the court is not advised that any leave to appeal an interlocutory order has been granted by the District Court pursuant to Bankruptcy Rules 8001 and 8003. In the circumstances, I conclude that the pending appeal does not remove the jurisdiction of this court to proceed with the entry of a final order of sale in the absence of leave granted or stay granted by the District Court. Accordingly, it is

ORDERED, ADJUDGED and DECREED as follows:

1. The sale by the trustee in Bankruptcy of the described real property located at 18 Sunset Road, Salem, New Hampshire to Patricia H. Pignato for the sum of $275,-000, under the terms and conditions set forth in the notice of sale and subsequent hearings, is hereby approved and confirmed.

2. Patricia H. Pignato is hereby determined to be a good faith purchaser of the property in question.

3. The trustee is hereby directed to proceed with the closing of the sale of the property in question to Patricia H. Pignato on or before November 15, 1985 in the absence of any stay pursuant to § 363(m) of the Bankruptcy Code.